COLUMBUS (City), Plaintiff-Appellee, v. MEADLEY, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 3863. Decided March 5th, 1946.

Glenn E. Kemp, Police Prosecutor, Columbus, for plaintiff-appellee.

E. E. Addison, Columbus, Abraham Gertner, Columbus, for defendant-appellant.

## OPINION

By HORNBECK, P. J.

Defendant was convicted and sentenced for possessing slips intended to be used as evidence of ownership of a number of shares in a scheme of chance in violation of Section 1089-1 of the ordinances of the City of Columbus, Ohio.

We do not state the exact offense of which the defendant was convicted because neither the affidavit nor the specific finding of the judge is in the transcript of docket and journal entries nor is it found among the files in the case.

The appeal raises two questions, first, that the admission of evidence obtained by unlawful search and seizure deprived the defendant of his liberty or property without due process contrary to the provisions of the Fourteenth Amendment to the Federal Constitution. We have heretofore in the case of City of Columbus v Smith, No. 3853, held against the contention of appellant as to this error assigned on the authority of **State v Lindway, 131 Oh St 166, 4th and 5th syllabi.**

The second error assigned is that "the defendant was denied the right to know upon whose accusation he had been arrested and that the Court erred in refusing to allow the officers to divulge the source of their information."

No authorities are cited in support of this assignment. It is not specifically directed to any violation of statute or constitutional provision. The only provision of either of our constitutions which could be in contemplation by the claim of appellant is **Sec. 10, Art I,** the Bill of Rights of the **Ohio Constitution.** The Sixth Amendment to the Federal Constitution has application only to procedure in federal courts. The applicable section of the Ohio Constitution in so far as pertinent to the question here provides:

"In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel; to **demand the nature and cause of the accusation against him,** and to have a copy thereof; to meet the witnesses **face to face,** and to have compulsory process to procure the attendance of witnesses in his behalf, * * *." (Emphasis ours.)

It does not appear that this provision was violated in any particular.

The gist of the claim of appellant is that he should have the right to know the name of any person who informed the police or law-enforcing officials of the connection of the defendant with the offense for which he is prosecuted. We know of no such assured right.

It is claimed that the affidavit in the case did not meet essential requirements in particulars. The form of affidavit is provided by §13432-18 GC. There is nothing in this case to indicate that the affiant was not qualified to make the affidavit, or any irregularity or invalidity respecting it. We find no right of the defendant violated under the second error assigned.

The judgment will be affirmed.

WISEMAN and MILLER, JJ., concur.